## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KAYLYN ROTH,

                                    Plaintiff,                    **1:11-cv-01023-ACT-RHS**

            v.

BEAM GLOBAL SPIRITS & WINE, INC,

                                    Defendant.

### ANSWER AND AFFIRMATIVE DEFENSES OF BEAM
### GLOBAL SPIRITS & WINE LLC TO THE COMPLAINT

Defendant Beam Global Spirits & Wine LLC ("Beam Global"), formerly known as Beam

Global Spirits & Wine, Inc., hereby files its Answer and Affirmative Defenses to the Complaint.

### GENERAL ANSWER

Beam Global states that it responds to these allegations only on behalf of itself and not on

behalf of any other entity.  All allegations are denied unless specifically admitted, and any

factual averment is admitted only as to the specific facts and not as to any conclusions,

characterizations, implications, or speculations contained in the averment or in the Complaint as

a whole.

The Complaint contains numerous quotations and references that purport to be excerpts

from various identified and unidentified sources and documents.  The alleged documents referred

to in the Complaint have not been provided by the Plaintiff.  Accordingly, Beam Global is unable

to challenge the accuracy, veracity, or source(s) of these quotations or references.  To the extent

that Beam Global states that a document or other material referenced in the Complaint speaks for

itself, or refers to the document or other material for the contents thereof, such statement,

admission or reference does not constitute an admission that the content of the document or other material is or is not true, or that Plaintiff's characterization of such documents or other material is accurate. Beam Global reserves the right to challenge the accuracy of the quotations and references and to raise any objection as to the documents purportedly quoted or referenced. Beam Global does not admit the authenticity of any documents from which quotations were taken or references were made, and reserves the right to challenge the authenticity of all documents quoted or referenced in the Complaint.

## SPECIFIC ANSWER

### THE PARTIES

1. Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Beam Global denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Beam Global is headquartered in Deerfield, Illinois, and states that Beam Inc. is one of the largest spirits companies in the United States.

### JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except states that Jim Beam Brands Co. ("Jim Beam"), a wholly owned subsidiary of Beam Global, conducts business in this District.

### STATEMENT OF FACTS

4. Beam Global denies each and every allegation in the first sentence of Paragraph 4 of the Complaint, except admits that Ms. Frankel is an entrepreneur and TV personality and that Jim Beam purchased Skinnygirl Margarita in March 2011. Beam Global lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, except states that the advertisements for Skinnygirl Margarita speak for themselves as to their content.

5.      Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Beam Global denies each and every allegation contained in (the first) Paragraph 6 of the Complaint.

6.      Beam Global denies each and every allegation contained in (the second) Paragraph 6 of the Complaint, except states that the advertisements for Skinnygirl Margarita speak for themselves as to their content.

7.      Beam Global denies each and every allegation contained in Paragraph 7 of the Complaint, except states that the labeling for Skinnygirl Margarita speaks for itself as to its content.

8.      Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.

9.      Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     Beam Global denies each and every allegation contained in Paragraph 11 of the Complaint.

## CLASS ALLEGATIONS

12.     Beam Global denies each and every allegation contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or is manageable as a class action.

13.     Beam Global denies each and every allegation contained in Paragraph 13 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

14.     Beam Global denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

15.     Beam Global denies each and every allegation contained in Paragraph 15 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

16.     Beam Global denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

17.     Beam Global denies each and every allegation contained in Paragraph 17 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding the experience of Plaintiff's counsel.  Beam Global admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

18.     Beam Global denies each and every allegation contained in Paragraph 18 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein regarding Plaintiff's counsel.  Beam Global admits that Plaintiff

purports to bring this action as a class action and define a putative class, but denies that this

lawsuit is appropriate for class certification.

19.     Beam Global denies each and every allegation contained in Paragraph 19 of the

Complaint, except admits that Plaintiff purports to bring this action as a class action and define a

putative class, but denies that this lawsuit is appropriate for class certification.

20.     Beam Global denies each and every allegation contained in Paragraph 20 of the

Complaint, except admits that Plaintiff purports to bring this action as a class action and define a

putative class, but denies that this lawsuit is appropriate for class certification.

## COUNT ONE

21.     Beam Global repeats and incorporates its responses to the allegations contained in

Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.     Answering Paragraph 22 of the Complaint, Beam Global states that the New

Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq*. speaks for itself and, thus, no

response is required.

23.     Beam Global denies each and every allegation contained in Paragraph 23 of the

Complaint.

24.     Beam Global denies each and every allegation contained in Paragraph 24 of the

Complaint.

25.     Beam Global denies each and every allegation contained in Paragraph 25 of the

Complaint.

26.     Beam Global denies each and every allegation contained in Paragraph 26 of the

Complaint.

27.    Beam Global denies each and every allegation contained in Paragraph 27 of the Complaint.

## COUNT TWO

28.    Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.    Answering Paragraph 29 of the Complaint, Beam Global states that the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq*., speaks for itself and, thus, no response is required.

30.    Beam Global denies each and every allegation contained in Paragraph 30 of the Complaint, except admits that Plaintiff purports to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.

31.    Beam Global states that Paragraph 31 of the Complaint does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam Global denies each and every allegation contained therein.

32.    Beam Global denies each and every allegation contained in Paragraph 32 of the Complaint, and states that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admits that Jim Beam has sold Skinnygirl Margarita to distributors in the United States, since on or about March 17, 2011, and that Skinnygirl Margarita is available for sale by third-parties to persons of legal drinking age in the United States.

33.    Beam Global denies each and every allegation contained in Paragraph 33 of the Complaint, and states that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admits that Jim Beam has advertised Skinnygirl Margarita, and sold Skinnygirl Margarita to distributors in the United States, since on or about March 17, 2011, and

that Skinnygirl Margarita is available for sale by third-parties to persons of legal drinking age in the United States.

34.     Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Beam Global denies each and every allegation contained in Paragraph 35 of the Complaint.

36.     Beam Global denies each and every allegation contained in Paragraph 36 of the Complaint.

37.     Beam Global denies each and every allegation contained in Paragraph 37 of the Complaint.

38.     Beam Global denies each and every allegation contained in Paragraph 38 of the Complaint.

**COUNT THREE**

39.     Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Beam Global denies each and every allegation contained in Paragraph 40 of the Complaint.

41.     Beam Global denies each and every allegation contained in Paragraph 41 of the Complaint.

**COUNT FOUR**

42.     Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.     Beam Global denies each and every allegation contained in Paragraph 43 of the Complaint.

7

44.     Beam Global denies each and every allegation contained in Paragraph 44 of the Complaint.

45.     Beam Global denies each and every allegation contained in Paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims alleged in the Complaint may not be properly certified or maintained as a class action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims should be denied under the equitable doctrine of abstention or barred by the primary jurisdiction doctrine, because such relief would

unreasonably encroach upon federal administrative prerogatives or substitute the Court's

oversight for that of federal or state administrative agencies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the First

Amendment to the United States Constitution and the applicable provisions under the New

Mexico and Illinois Constitutions that may apply to this lawsuit which protect the rights to

freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any

allegedly false statements or omissions allegedly attributable to Beam Global (which alleged

statements or omissions are denied) were not material and were not detrimentally or justifiably

relied upon by Plaintiff or the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the

applicable statutes of limitations and repose.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members have failed to allege a statutory claim for fraud and

deceptive and unfair business practices, unfair practices, and misleading advertising upon which

relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members may not recover under a theory of unjust enrichment

because Plaintiff and putative class members have failed to allege any cognizable "enrichment"

of Beam Global.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any product by Beam Global (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled and sold.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiff and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiff and putative class members, if any, were open and obvious, because Plaintiff and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, as to Beam Global because Beam Global did not owe a legal duty to Plaintiff and putative class members or,

if Beam Global owed a legal duty to Plaintiff and putative class members, Beam Global did not breach that duty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Beam Global.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury or because such injury was not proximately caused by Beam Global.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Beam Global has no control and for which Beam Global is not legally responsible.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are not entitled to relief jointly and severally and Beam Global is not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiff and putative class members.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global, if performed at all, were done in good faith.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*, or under any other cause of action in this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and/or the putative class members are entitled to any relief, Beam Global is entitled to an offset or set off of such relief for the value of the benefits that Plaintiff and the putative class members received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the New Mexico and Illinois Constitutions and the constitutions of the other 48 states to the extent that they seek to deprive Beam Global of procedural and substantive safeguards, including traditional defenses to liability.

12

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by failure to mitigate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Beam Global invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

## THIRTIETH AFFIRMATIVE DEFENSE

Beam Global adopts and incorporates by reference, as if set forth fully herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Beam Global.

## RESERVATION OF DEFENSES

Beam Global hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve its right to amend its Answer to assert any such defense.  Beam Global also reserves its right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than New Mexico.  Beam Global intends to require Plaintiff to carry her burden of proof on every element of Plaintiff's claims.  Beam Global therefore reserves the right to assert by motion or at trial denials as to Plaintiff's ability to prove the required elements of her claims.  In the event that any affirmative

defense asserted by Beam Global is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Beam Global on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Beam Global prays that this Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam Global; that Beam Global recover its attorneys' fees and expenses; and that Beam Global have such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AS TO PLAINTIFF'S DEMAND FOR JURY TRIAL, Beam Global likewise demands a jury trial in this action for all issues so triable.

Dated: March 19, 2012

By    */s/ Theresa W. Parrish*

Theresa W. Parrish
RODEY LAW
201 3rd Street NW, Suite 2200
Albuquerque, NM  87102
tparrish@rodey.com
Tel.:   (505)765-5900
Fax:   (505) 768-7395

- and -

Donald I Strauber
Mary T. Yelenick
Garrett S. Kamen
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York  10112
dstrauber@chadbourne.com
myelenick@chadbourne.com
gkamen@chadbourne.com
Tel:   (212) 408-5100
Fax:   (212) 541-5369

*Attorneys for Defendant Beam Global Spirits & Wine LLC, formerly known as Beam Global Spirits & Wine, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2012 I electronically filed the foregoing Answer
and Affirmative Defenses of Defendant Beam Global Spirits & Wine LLC to Plaintiff's Class
Action Complaint with the Clerk of Court using the CM/ECF system which will send
notification of such filing to all counsel of record.

By   /s/ Theresa Parrish, Attorney
        Theresa W. Parrish